CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 21 2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LISA E. CADD, ) | |
| ) | Civil Action No. 7:18CV00269 |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANDREW SAUL,[1] Commissioner of Social ) | |
| Security, ) | By: Hon. Glen E. Conrad |
| ) | Senior United States District Judge |
| Defendant. ) | |

This matter was referred to United States Magistrate Judge Robert S. Ballou pursuant to

28 U.S.C. § 636(b)(1)(B) for proposed findings of fact, conclusions of law, and a recommended

disposition. The magistrate judge submitted a Report and Recommendation on August 5, 2019,

in which he recommends that the Commissioner's motion for summary judgment be denied, that

the plaintiff's motion for summary judgment be granted in part, and that this case be remanded to

the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. No

objections to the Report and Recommendation have been filed, and the court is of the opinion

that the Report and Recommendation should be adopted in its entirety.

It is accordingly

ORDERED

as follows:

1. The August 5, 2019 Report and Recommendation (Dkt #24) is ADOPTED in its

   entirety;

2. The Commissioner's motion for summary judgment (Dkt #13) is DENIED;

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party
pursuant to Fed. R. Civ. P. 25(d). See also § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives
regardless of any change in the person occupying the office of Commissioner of Social Security).

3.    Plaintiff's motion for summary judgment (Dkt #19) is GRANTED in part;

4.    This case is REMANDED to the Commissioner for further consideration

consistent with the Report and Recommendation.  Upon remand, should the

Commissioner be unable to decide this case in plaintiff's favor on the basis of the

existing record, the Commissioner shall conduct a supplemental administrative

hearing at which both sides will be allowed to present additional evidence and

argument;

5.    The parties are advised that the court considers this remand order to be a

"sentence four" remand.  See Melkonyan v. Sullivan, 501 U.S. 89 (1991); Shalala

v. Schaefer, 509 U.S. 292 (1993). Thus, this order of remand is a final order. Id.

If the Commissioner should again deny plaintiff's claims for supplemental

security income benefits and disability insurance benefits, and should plaintiff

again choose to seek judicial review, it will be necessary for plaintiff to initiate a

new civil action within sixty (60) days from the date of the Commissioner's final

decision on remand.  See 42 U.S.C. § 405(g); and

6.    This matter is STRICKEN from the active docket of the court.

The Clerk is directed to send a certified copy of this order to all counsel of record.

    ENTER:   August 21, 2019.


_____
                    Senior United States District Judge